**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2024 CA 0533**

DERRICK JEROME ALLEN

VERSUS

LOUISIANA DEPARTMENT OF
PUBLIC SAFETY AND CORRECTIONS

Judgment Rendered: ___DEC 2 7 2024___

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 739306

Honorable Wilson E. Fields, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Derrick Jerome Allen<br>Angie, Louisiana | Plaintiff/Appellant<br>Pro se |
| | |
| Jonathan R. Vining<br>Adrienne E. Aucoin<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee<br>Louisiana Department of Public Safety<br>and Corrections |

\* \* \* \* \* \*

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

**McCLENDON, J.**

This is an appeal from a district court judgment, dismissing a petition for judicial review of an administrative remedy procedure for lack of subject matter jurisdiction. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Derrick Jerome Allen, an inmate in the custody of the Louisiana Department of Public Safety and Corrections (Department), filed a petition in the 19th Judicial District Court, seeking judicial review of the rejection of an Administrative Remedy Procedure (ARP) he alleged he initiated. In his petition, Mr. Allen asserted that he filed his ARP, but that it was never accepted or issued a number. Attached to Mr. Allen's petition was a one-page document titled "This Is A Request For Administrative Remedy." Although Mr. Allen had written the date of "02-10-23" on the request, there is no date stamp or other indication of any kind to show if the request was actually submitted or received.[1]

Thereafter, the Commissioner of the 19th Judicial District Court[2] issued a mandamus service order, ordering service of the order and the petition on the Department.[3] In response, the Department filed an "Exception of Subject Matter Jurisdiction for Failure to Exhaust Administrative Remedies." Therein, the Department alleged that it had no record of Mr. Allen "having ever sought relief regarding an incident where he was in the visiting shed at the same time as another inmate who [was] in his enemy jacket." Citing LSA-R.S. 15:1184(A)(2)[4], the Department explained that no

---

[1] In the ARP he alleged he filed, Mr. Allen asserted that on January 28, 2023, he was visiting his girlfriend in the "visiting shed at Hunt's" at the same time another inmate, Robert Harrell, and the inmate's mother were in the visiting shed as well. Mr. Allen contended that Mr. Harrell was in his "enemy jacket" and that the two offenders were not supposed to be so close to each other, since Harrell had "burnt me up while I was in bed asleep," resulting in a ten-day hospital stay. Mr. Allen sought to have the incident investigated and to have whoever was at fault charged with malfeasance in office and relieved of his or her duties. Mr. Allen also asked for damages, to have Harrell sent to another prison, and for no further retaliation against Mr. Allen.

[2] The Office of the Commissioner of the 19th JDC was created by LSA-R.S. 13:711 to hear and recommend disposition of criminal and civil proceedings arising out of the incarceration of state prisoners. The Commissioner's written findings and recommendations are submitted to the district court, which may be accepted, rejected, or modified. **Allen v. Louisiana Department of Public Safety and Corrections,** 2020-0445 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1177 n.2.

[3] The Commissioner also ordered the Department to respond to Mr. Allen's mandamus request, wherein he alleged that the Department never responded or answered his ARP and sought to have the Department "answer said ARP immediately."

[4] Louisiana Revised Statutes 15:1184(A)(2) provides that "[n]o prisoner suit shall assert a claim under state law until such administrative remedies as are available are exhausted. If a prisoner suit is filed in contravention of this Paragraph, the court shall dismiss the suit without prejudice."

petition for judicial review may be filed in the district court without exhausting available administrative remedies and that Mr. Allen had failed to seek and exhaust administrative review of his claims pursuant to LSA-R.S. 15:1171, *et seq.*, and LSA-R.S. 15:1181, *et seq.* Attached to its memorandum in support of the exception, the Department attached the affidavit of Kelly Stone Liebert, an Administrative Coordinator 4 for the Department, Legal Services, Office of the Secretary. Ms. Liebert attested that after a review of the entire administrative proceedings, as maintained in the normal course of business by the Department, she was unable to locate an ARP filed by Mr. Allen in connection with this matter. The affidavit was dated November 15, 2023.

After Mr. Allen opposed the exception, the Commissioner issued a screening report on January 9, 2024, recommending that the district court dismiss Mr. Allen's petition without prejudice for lack of subject matter jurisdiction based on a failure to exhaust administrative remedies. On February 1, 2024, Mr. Allen filed a traversal to the Commissioner's findings, arguing that his petition should not be dismissed for lack of subject matter jurisdiction because once he filed the ARP and the ARP was never answered or responded to, the administrative remedies regarding the ARP should be deemed exhausted.[5]

On February 20, 2024, after a *de novo* consideration of the pleadings, together with Mr. Allen's traversal, the district court issued a Screening Judgment, adopting the written recommendation of the Commissioner and dismissing Mr. Allen's Petition for Judicial Review of an unnamed ARP without prejudice and at Mr. Allen's costs. Mr. Allen appealed.

## DISCUSSION

The procedures set forth in the Corrections Administrative Remedy Procedure provide the exclusive remedy available to inmates for receiving, hearing, and disposing of complaints and grievances that arise while the inmate is within the custody or under the supervision of DPSC, with appellate review first in the district court and then the court

---

[5] We note that on February 1, 2024, Mr. Allen also filed a Motion to Declare Commissioners in the 19th Judicial District Court Unconstitutional. The matter was set for hearing on April 22, 2024, and the April 22, 2024 minute entry reflects that at the hearing before the district court, Mr. Allen stated that he mailed to the clerk of court a motion to recuse the court. The court "passed this matter due to said motion to recuse." The record before us does not contain a motion to recuse.

3

of appeal. See LSA-R.S. 15:1171(B); LSA-R.S. 15:1177(A)(10); **Allen v. Louisiana Department of Public Safety & Corrections**, 2023-1238 (La.App. 1 Cir. 6/14/24), 2024 WL 2988979, *2 (unpublished). The rules and procedures governing the ARP process are set forth in LAC 22:1.325. **Allen v. Louisiana Department of Public Safety and Corrections**, 2020-0445 (La.App. 1 Cir. 2/19/21), 320 So.3d 1175, 1177. Offenders are required to use and complete all steps in the ARP properly, including obeying all rules of the procedural process. LAC 22:I.325.D.l; **Allen**, 320 So.3d at 1178.

The district court is precluded from entertaining an inmate's ARP complaint until he has exhausted the remedies provided to him by the ARP process. **Allen**, 2024 WL 2988979, at *2. If suit is filed prior to exhaustion of administrative remedies, the district court lacks jurisdiction over the matter, and the suit shall be dismissed without prejudice. See LSA-R.S. 15:1184(A)(2) and LSA-R.S. 15:1172(C),[6] **Allen**, 2024 WL 2988979, at *2. Proper exhaustion of administrative remedies only occurs when an offender files a timely and procedurally proper request for remedy, which after it is accepted, is addressed on the merits at both the first and second step. **Allen**, 2024 WL 2988979, at *2.

In this matter, Mr. Allen filed his petition for judicial review, but failed to attach a final agency decision. Upon receipt of the mandamus service order, the Department filed its exception, asserting a lack of subject matter jurisdiction and stating that there is no record of Mr. Allen having ever sought relief and exhausting his administrative remedies. Because this is a complaint that is subject to the administrative process, it must be submitted through the entire process before the district court has jurisdiction to consider it. See **Allen**, 320 So.3d at 1178. Accordingly, the district court did not have subject matter jurisdiction to consider Mr. Allen's petition for judicial review.

## CONCLUSION

For the above reasons, the February 20, 2024 screening judgment of the district court, dismissing Mr. Allen's petition for judicial review without prejudice for lack of

---

[6] Louisiana Revised Statutes 15:1172(C) provides:

> If an offender fails to timely initiate or pursue his administrative remedies within the deadlines established in Subsection B of this Section, his claim is abandoned, and any subsequent suit asserting such a claim shall be dismissed with prejudice. If at the time the petition is filed the administrative remedy process is ongoing but has not yet been completed, the suit shall be dismissed without prejudice.

subject matter jurisdiction, is affirmed. Costs of this appeal are assessed to Derrick Jerome Allen.

**AFFIRMED.**